## ECKMAN v. HICKS et al.

No. 4690.  Decided September 13, 1928.  (272 P. 931.)
Rehearing Denied December 19, 1928.

*Jeremiah Stokes* and *C. E. Norton,* both of Salt Lake City, for appellants.

*Hurd & Hurd,* of Salt Lake City, for respondent.

THURMAN, C. J.

Action to quiet title to certain lots and parcels of land situated in Salt Lake county, Utah.  The complaint is in the usual form for quieting title to land.  The defendants filed separate answers each claiming to be the owner of the land in question.

The case was tried to the court without a jury.  Findings were made and judgment entered for the plaintiff as prayed for in the complaint.  Defendant Norton appeals and assails the findings of the court.  The findings material to the issues involved are as follows:

"1. That the plaintiff is now, and for more than seven years prior to the commencement of said action, has been, the owner in fee simple absolute, and in possession and entitled to the possession of the following described real property situate in Salt Lake County, State of Utah, to-wit: (Describing the property.)

"2. That plaintiff has been in the exclusive possession, and use and occupation of said premises for more than seven years prior to the commencement of said action, claiming the same adversely against the defendants, and any and all other persons, and has during all of said time paid the taxes levied and assessed against the same.

"3. That the defendants, J. U. Hicks and C. E. Norton, have asserted some claim or interest in and to the plaintiff's aforesaid real estate, mentioned and described in Finding of Fact No. 1, and to the said rights of way appurtenant thereto, adverse to the said plaintiff, but that the said claims and assertions of the defendants, and each and all of them, is without any right whatsoever, and that the said defendants, nor either of them, have any right, title, claim, estate or interest whatsoever in or to the said lands or premises of the said plaintiff, or the said rights of way appurtenant thereto, or any part of the same, and no right to prevent or interfere with the plaintiff's use of said rights of way for ingress or egress to his said premises, and for the convenient use of the same.

"4. That the claims of the said defendants are based upon alleged conveyances from one Charles H. Titus and others, and upon an alleged tax deed title or claim, but that all of the said pretended conveyances and claims or interests are invalid as against the said plaintiff, and constitute a cloud on the plaintiff's title to and rights in said property and the said rights of way and easements in said streets or avenues appurtenant thereto."

The third assignment of error alleges that the findings are against the weight of the evidence and outside the issues

and do not support the judgment and do not correspond to the issues. The fourth assignment alleges that the conclusions of law and judgment are not sustained by the evidence. No specifications or particulars are given as required by Rule 26. The record consists of the judgment roll and what purports to be an abstract of title and other documents principally relating to title. No oral testimony is stated, although the bill shows that such testimony was given. No transcript of such evidence was filed on appeal. Nor is there anything to show whether or not all of the purported exhibits were admitted in evidence. Numerous exhibits are referred to in the bill stating that they were offered in evidence without showing they were admitted. The proposed bill closes with the following paragraph: "That all of the papers filed in this case, and the Judgment Roll, and all of the Exhibits therein offered and filed, together with a certified transcript of the Testimony taken in this case, hereinbefore referred to, are hereby made a part of this bill of exceptions so as to take all of said records and evidence to the supreme court to review said findings, conclusions and decree as provided by law and the rules of this court; and upon which the defendants rely for a reversal or modification of said decree and judgment aforesaid."

The certificate of the judge is as follows: "I hereby certify that the foregoing Bill of Exceptions is hereby settled and allowed within the time allowed by law and the orders of this court as hereinbefore stated; and that all of the Exhibits therein named are hereunto annexed to said Bill of Exceptions and made a part thereof, and that the same, together with a certified transcript of the proceedings had before the court, is a full and complete transcript of the proceedings and record and contain all of the evidence offered and received upon the trial of said cause, and that the same are hereby made a part of said bill of exceptions."

The certificate of the judge does not show that a transcript of the evidence or the substance thereof was annexed

to the bill. Nor does the certificate of the clerk of the district court show that a transcript of the evidence or the substance thereof was transmitted to this court, nor is it incorporated in the bill of exceptions where it properly belongs. The record is defective in many other respects.

For the reasons stated, we are unable to review the evidence, and for that reason the judgment is affirmed at appellants' cost.

CHERRY, STRAUP, HANSEN, and GIDEON, JJ., concur.